UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENQIN ZHANG,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-cv-1299-RSH-SBC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 2] |

On March 2, 2026, petitioner Wenqin Zhang, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. The merits of the petition are now fully briefed. *See* ECF Nos. 5 (return), 6 (traverse).

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner states that he entered the United States on December 24, 2014 on a valid B1/B2 visa. ECF No. 1 ¶¶ 1, 14. Also in 2014, he applied for asylum. ECF No. 1-2 ¶ 3. He

has been in the United States continuously since his entry. ECF No. 1 ¶ 14. On January 3, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and taken into immigration custody. *Id.* ¶ 1. He is currently in custody at Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 5.

Petitioner's claim is that his arrest on January 3, 2026 and subsequent detention violate the due process clause because he was entitled to "a pre-deprivation hearing before a neutral decision maker to determine whether circumstances have materially changed since his arrival in the USA in December 2014, such that detention would now be warranted on the basis that he is a danger or a flight risk by clear [and] convincing evidence." *Id.* ¶ 32. The Petition implies that at some point after he overstayed his B1/B2 visa but before January 3, 2026, he was released pursuant to an order of release; he states that he seeks "a routine hearing regarding whether his order of release should be revoked and whether he should be re-incarcerated." *Id.*¶ 51; *see also id.* ¶ 48 (describing the "process he seeks" as "notice and a hearing regarding whether he has violated any conditions of his release"). However, apart from such references, the Petition contains no allegations regarding whether or when such release on conditions occurred. Indeed, there is no evidence in the record that he was ever released on conditions. Petitioner's declaration does not mention conditional release at all, and also fails to address whether he received any process in connection with his arrest on January 3, 2026. *See generally* ECF No. 1-2.[1]

If Petitioner's claim is that he was previously released subject to an order of release, and ICE unlawfully revoked that release, he has not established a factual basis for such a claim. If Petitioner's claim, instead, is that he is entitled by the due process clause to a pre-deprivation hearing before he is arrested in the first instance for having overstayed his visa, he offers no legal support for such a proposition. Petitioner maintains that ICE was required to prove prior to arresting him that "circumstances have materially changed" since

---

[1] No further clarity or evidence on this point is provided in Petitioner's application for a temporary restraining order or his traverse. *See* ECF Nos. 2, 6.

Petitioner's arrival in the United States in December 2014; but there is no dispute that circumstances *have changed* since then—according to Petitioner, he entered on a valid visa, and then overstayed that visa.

Finally, the Court notes that the Petition alleges, "[i]t would be futile for [Petitioner] to seek a bond hearing from an Immigration Judge," because such a "request would be summarily denied based on the current interpretation of the BIA's recent decisions in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure*, 29 I&N Dec. 216 (BIA 2025)." ECF No. 1 ¶ 12. However, records filed by Respondent reflect that on February 23, 2026—just over one week before Petitioner filed this action—Petitioner *did* receive a bond hearing before an immigration judge, who did *not* summarily deny bond based on BIA decisions; instead, the order recites that the immigration judge weighed the applicable factors and determined that Petitioner was a flight risk. ECF No. 5-1. Petitioner's motion for a temporary restraining order argues that Petitioner is entitled to such a hearing—a hearing that he had already received. *See* ECF No. 2 at 14 ("Alternatively, providing [Petitioner] with a hearing before this Court (or a neutral decisionmaker) regarding release from custody is a routine procedure that the government provides to those in immigration detention facilities daily."). The Petition did not disclose that he is seeking a determination—namely, of whether he presents a flight risk—that has already been made. Although Petitioner's post-arrest bond hearing does not preclude him from arguing that he was entitled to a pre-arrest revocation hearing, the Court expects Petitioner to support his request for relief with a factual record that is complete and accurate to the best of counsel's ability, or to request additional time as needed to do so.

//

//

//

//

//

//

26-cv-1299-RSH-SBC

Petitioner has not carried his burden to show that he is in custody in violation of the Constitution or laws of the United States. Accordingly, the Petition is **DENIED** without prejudice, and Petitioner's application for a temporary restraining order [ECF No. 2] is likewise **DENIED**.

The Court **VACATES** the hearing date set for March 26, 2026.

**IT IS SO ORDERED.**

Dated: March 20, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-1299-RSH-SBC